UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROYLIN J. ROBINSON,

    Plaintiff,

v.                                                CASE NO. 8:18-cv-1348-T-23CPT

SHERIFF BOB GUALTIERI, *et al.*,

    Defendants.
_____/

**O R D E R**

Robinson's complaint alleges that the defendants violated his constitutionally protected rights when they arrested, questioned, and prosecuted him. Robinson neither moved for leave to proceed *in forma pauperis* nor paid the full $400 filing fee. Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), a district court is required both to review the complaint and to dismiss the complaint if frivolous, malicious, or fails to state a claim upon "which relief may be granted." Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

First, Robinson names the "Pinellas County Sheriff's Office" and the "Pinellas County S.P.O.T. Unit" as defendants. Robinson can pursue a claim against neither

entity. As *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[1] explains, a "sheriff's department" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Second, Robinson names Sheriff Bob Gualtieri as a defendant, but Robinson asserts no fact showing Sheriff Gualtieri's personal involvement in the alleged violation of Robinson's civil rights. The complaint must assert facts showing the direct involvement of each defendant in the alleged deprivation of Robinson's civil rights. Apparently, Robinson includes Gualtieri as a defendant because, as the sheriff, he is allegedly responsible for the acts of the deputy sheriffs. Robinson cannot base a Section 1983 claim on *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978). *See also Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). Consequently, the complaint is insufficient to state a claim against Sheriff Bob Gualtieri.

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Third, Robinson names Christopher M. Wilkins and Travis L. Roberts as defendants, but as with Sheriff Gualtieri, the complaint asserts no fact showing the personal involvement of either individual in the alleged violation of Robinson's civil rights. The complaint must meet certain pleading requirements, specifically, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Finally, the complaint must both contain "well-pleaded facts" and assert specific facts of wrongdoing because "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Robinson's complaint fails this pleading requirement.

Lastly, Robinson's claim that his rights were violated is precluded as a matter of law. Robinson alleges that Deputy Sheriff Keith L. Simmons violated his rights (1) by arresting him without a warrant and without probable cause, (2) by questioning him without advising him of his *Miranda* rights, (3) by providing "falsified evidence during trial" and using "contradictory statements during trial," thereby "casting doubt against the defense," and (4) by causing the imposition of excessive fines. Robinson faults Deputy Simmons for Robinson's alleged sexual

battery by a fellow detainee while Robinson was jailed.  Robinson fails to state a claim that he can pursue in a civil rights action.

**Unconstitutional Arrest**:

Robinson alleges that Deputy Simmons unlawfully arrested him and questioned him.  This claim challenges the validity of his criminal conviction.  Under *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973), if a state prisoner challenges the fact or duration of confinement, a writ of habeas corpus is the exclusive federal remedy.  Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), Robinson is precluded from challenging the validity of either the conviction or the sentence (including a fine or penalty) by a civil rights action instead of an application for the writ of habeas corpus.

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of a civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence.  Robinson has no Section 1983

claim unless he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489–90.

Consequently, Robinson fails to state a claim for relief that he can pursue in a civil rights action because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487.

**Trial Testimony:**

As a witness in a trial, Deputy Simmons is absolutely immune from liability for damages based on his testimony. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("Police officers enjoy the same absolute immunity as lay witnesses for their testimony at trial, or in front of the grand jury. The penalty for false testimony under such circumstances is the same for any witness, that is, a potential prosecution for perjury.") (citations omitted); *Sharp v. City of Huntsville, AL*, 730 F. App'x 858, 861 (11th Cir. 2018) ("Police officers, however, are entitled to absolute immunity from liability under section 1983 for their testimony during trials, even if the officer is alleged to have committed perjury.") (citing *Jones*). *See also Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) ("[W]itnesses are absolutely immune from damages liability based on their testimony . . . ."); *Jones v. Luis*, 372 F. App'x 967, 970 (11th Cir. 2010) ("Witnesses are granted absolute immunity from § 1983 claims for their testimony during trials.").

**Fines and Battery:**

Robinson alleges no fact showing that Deputy Simmons was personally responsible either for imposing excessive fees or for the alleged assault during Robinson's stay in the county jail. As discussed above, the complaint must include facts of personal involvement in the alleged wrongdoing.

\* \* \* \*

Robinson requests both relief that is available only in a civil rights action (receiving monetary damages) and relief that is available only in a habeas corpus action (challenging the validity of a conviction or sentence). *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir.), *cert. denied*, 549 U.S. 990 (2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)), explains the differences between a civil rights action under 42 U.S.C. § 1983 and a habeas action under 28 U.S.C. § 2254:

> The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence. When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus" under § 2254. Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.

Federal courts have "an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir.

2010) (quotation marks and citation omitted). *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (citations omitted), instructs that the purpose for looking beyond the label a *pro se* litigant attaches to a pleading is "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* [pleading]'s claim and its underlying legal basis."

Although he labeled his pleading a civil rights complaint, Robinson claims relief that falls solely within "the province of habeas corpus" under Section 2254 because he challenges the lawfulness of his confinement. As a consequence, the complaint is properly construed as an application for the writ of habeas corpus under Section 2254, and as discussed above, Robinson must successfully challenge his conviction in an application for the writ of habeas corpus (after his conviction becomes final and after he first presents his claims to the state courts) before he can pursue a civil rights action that questions his conviction or sentence.

As a consequence, Robinson fails to state a claim upon which relief can be granted in the present action. Amendment of the action would prove futile because Robinson can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

Accordingly, the civil rights complaint is **DISMISSED**. This dismissal is without prejudice to Robinson's re-filing a Section 1983 complaint if he succeeds in having the conviction vacated. The clerk must enter a judgment of dismissal against Robinson and close this case.

ORDERED in Tampa, Florida, on August 9, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE